PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions — Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under the penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $ _____ , you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District OF MASSACHUSETTS |
|---|---|
| Name Antonio Gendraw | Prisoner No. W66536 | Case No. 00-P-1275 |
| Place of Confinement MCI-Norfolk, 2 Clark Street P.O. Box 43, Norfolk, MA 02056-0043 | | |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Antonio Gendraw | V.   Luis Spencer, Superintendent MCI-Norfolk |

The Attorney General of the State of:   Massachusetts

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   Suffolk Superior Court 90 Devonshire St Boston Mass 02109

2. Date of judgment of conviction   May 17-1999

3. Length of sentence   15 years to Life

4. Nature of offense involved (all counts)   First degree murder

5. What was your plea? (Check one)
   (a) Not guilty   ☑
   (b) Guilty   ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   ☑

GROUNDS FOR APPEAL

Antonio Gendraw (W66526)
MCI. Norfolk
Norfolk, Massachusetts 02056
P.O. Box 43

Ground One

The denial of the defendant's motion to suppress his statements.

Supporting Facts: The fact that the jury could have found are not significantly different from the findings of fact made by the motion judge in regard to the defendant's suppression motion and are as follows:

The defendant claims that the motion judge erred when he ruled that Miranda Warnings were not required prior to or during the defendant's statements to Detectives Merner and O'Leary on November 13, 1997, because the defendant was not in custody at the time.

Ground Two

The refusal of two judges to except the defendant's Alford plea.

Supporting Facts: The defendant claims that the trial judge, as well as well as an earlier judge, abused their discretion when they each refused to accept the defendant's plea to manslaughter, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).

Ground Three

The denial of the defendant's motion for a required finding of not guilty.

GROUNDS FOR APPEAL
(CONTINUING)
PAGE TWO

CONTINUING GROUND FOUR

THAT THE CUMULATIVE ERRORS IN THE COURSE OF THE TRIAL CREATED A SUBSTANTIAL RISK OF A MISCARRIAGE OF JUSTICE. FINALLY, THE DEFENDANT CONTENDS THAT HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL.

SUPPORTING FACTS: THE DEFENDANT CLAIMS TWO ERRORS IN THE TRIAL JUDGES INSTRUCTIONS TO THE JURY ON JOINT VENTURE. FIRST, HE CLAIMS THAT THE JUDGE'S SUPPLEMENTAL INSTRUCTION ON JOINT VENTURE, AS TO THE ELEMENTS OF KNOWLEDGE, ERRONEOUSLY LOWERED THE COMMONWEALTH'S BURDEN OF PROOF SO AS TO CREATE A SUBSTANTIAL RISK OF A MISCARRIAGE OF JUSTICE. SECOND, HE CLAIMS THAT THE JUDGE'S SUPPLEMENTAL INSTRUCTION ON JOINT VENTURE ALSO IMPROPERLY INVITED THE JURY TO CONSIDER CONDUCT OF THE DEFENDANT AFTER THE MURDER IN FINDING MALICE.

A. JOINT VENTURE INSTRUCTION WITH RESPECT TO KNOWLEDGE.
IN RESPECT TO THE JURY'S REQUEST TO BE RE-INSTRUCTED ON JOINT VENTURE, PARTICULARLY ON THE SECOND ELEMENT OF KNOWLEDGE, THE JUDGE GAVE THE FOLLOWING INSTRUCTION:
" WITH RESPECT TO THE SECOND ELEMENT, THE COMMONWEALTH MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT HAD KNOWLEDGE THAT ANOTHER PERSON OR PERSONS INTENDED TO COMMIT THE CRIME. IN OTHER WORDS, THE GOVERNMENT MUST PROVE THAT THERE WAS A SUBSTANTIAL LIKELIHOOD THAT THE DEFENDANT HAD KNOWLEDGE THAT ANOTHER WOULD COMMIT THE CRIME" (EMPHASIS SUPPLIED).

B. JOINT VENTURE INSTRUCTION WITH RESPECT TO MALICE.
THE DEFENDANT ARGUES THAT THE TRIAL JUDGE'S SUPPLEMENTAL INSTRUCTION WAS ERRONEOUS WITH RESPECT TO MALICE BECAUSE IT INVITED THE JURY TO CONSIDER THE DEFENDANT'S CONDUCT AFTER THE MURDER IN FINDING MALICE; HE ARGUES THAT THE ERRONEOUS INSTRUCTION CREATED A SUBSTANTIAL RISK OF A MISCARRIAGE OF JUSTICE.

GROUND FIVE

JURY INSTRUCTION REGARDING UNANIMITY ON THEORY OF MALICE.

SUPPORTING FACTS: IN THE COURSE OF INSTRUCTING THE JURY, THE

GROUNDS FOR APPEAL
(CONTINUING)
PAGE TWO

CONTINUING GROUND FIVE

IN THE CASE OF THEORIES OF MURDER IN THE FIRST DEGREE SHOULD
BE EXTENDED TO THE THREE WAYS OF PROVING MALICE FOR MURDER
IN THE SECOND DEGREE.