UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUL 13 P 12: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

)
ANTONIO GENDRAW )
    Petitioner, )
)
v. )    Civil Action No. 04-10630-RGS
)
LUIS SPENCER )
    Respondent. )
)

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of the respondent's Motion to Dismiss the habeas corpus petition filed by Antonio Gendraw, the petitioner, on the ground that it is time barred under 28 U.S.C. § 2244(d)(1). The respondent has not answered the petition and his remaining defenses are not briefed in light of this motion.[1]

### PRIOR PROCEEDINGS

Petitioner was indicted in Suffolk County on December 16, 1997 for murder in the first degree. (See docket sheets herein attached as Exhibit 1 at p 3). On May 17, 1999, he was convicted of murder in the second degree and given a life sentence. (Exhibit 1 at p 7). Petitioner appealed, and on February 2, 2002 the Massachusetts Appeals Court affirmed his conviction. *Commonwealth v. Gendraw*, 55 Mass. App. Ct. 677, 774 N.E.2d 167 (2002) (Exhibit 2). The Massachusetts Supreme Judicial Court denied the petitioner's application for further appellate review on October 30, 2002. *Commonwealth v. Gendraw*, 438 Mass. 1101, 777 N.E.2d 1263 (2002) (Exhibit 3).

---

[1] Since it is clear from the face of the petition and the docket sheets that this motion is time barred, the respondent will not answer the petition, or claim any affirmative defenses. If motion is denied, the respondent respectfully requests thirty days from the date of receipt of decision to answer the merits of the petition and plead affirmative defenses.

On March 29, 2004, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## ARGUMENT

## PETITIONER'S HABEAS CORPUS PETITION MUST BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d), as amended by the AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Massachusetts Supreme Judicial Court denied petitioner's motion for further appellate review on October 30, 2002. *Commonwealth v. Gendraw*, 438 Mass. 1101, 777 N.E.2d 1263. Allowing ninety days for time to file a petition for a writ of certiorari to the United States Supreme Court, the petitioner's conviction became final on January 30,

2003. *Voravongsa v. Wall*, 349 F.3d 1, 3 (1st Cir. 2003). Under 28 U.S.C. § 2244(d)(1)(A), the petitioner had one year from January 30 2003, when the judgment became final by the expiration of the time for seeking review by the United States Supreme Court, to file his federal habeas petition. *See Clay v. United States*, 537 U.S. 522, 526-28 (2003). The petitioner did not file his habeas petition until March 29, 2004, almost two months after the one-year period expired. Therefore, this petition for habeas corpus is time barred under the statute of limitations in 28 U.S.C. § 2244(d) and must be dismissed.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief should be dismissed with prejudice.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO # 037060

On the brief:
Kevin Hartzell
Legal Intern

Date: July 12, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached documents was served upon Antonio Gendraw, M.C.I. Norfolk, 2 Cedar Street, Norfolk, MA 02052 by first class mail, postage pre-paid on July 12, 2004.

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General